UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GS HOLISTIC LLC,<br><br>  Plaintiff,<br><br>   v.<br><br>VAPE SAVVY LLC, et al.,<br><br>  Defendants. | CASE NO. C23-0373JLR<br><br>ORDER |

## I.   INTRODUCTION

Before the court are two motions: (1) Defendants Eric Ward and Jason Stanifer's motion to dismiss (MTD (Dkt. # 25); MTD Reply (Dkt. # 29)), and (2) Plaintiff GS Holistic, LLC's ("GS Holistic") motion to strike the affirmative defenses asserted by Defendant Vape Savvy LLC ("Vape Savvy," and together with Mr. Ward and Mr. Stanifer, "Defendants") (MTS (Dkt. # 21); *see* Answer (Dkt. # 17) at 7-8).[1]  GS Holistic

---

[1] GS Holistic did not file a reply in support of its motion to strike.  (*See generally* Dkt.)

opposes the motion to dismiss (MTD Resp. (Dkt. # 27)) and Vape Savvy opposes the motion to strike (MTS Resp. (Dkt. # 23)).  The court has reviewed the parties' submissions, the relevant portions of the record, and the governing law.  Being fully advised,[2] the court (1) DENIES Mr. Ward and Mr. Stanifer's motion to dismiss and (2) GRANTS in part and DENIES in part GS Holistic's motion to strike.

## II.  BACKGROUND

GS Holistic markets and sells products such as glass infusers that use the "well-known trademark 'Stündenglass.'" (Compl. (Dkt. # 1) ¶ 9.)  It alleges that it is the registered owner of several Stündenglass trademarks, has worked to distinguish the Stündenglass brand as "the premier manufacturer of glass infusers," and has devoted significant time, money, and resources to promoting and protecting its trademarks.  (*Id.* ¶¶ 4, 9-11, 16; *see also id.* ¶ 12 (listing the trademarks at issue in this case (the "Stündenglass Marks").)

GS Holistic alleges that "the Defendants" sold counterfeit glass infusers bearing the Stündenglass Marks.  (*Id.* ¶¶ 26-29.)  According to GS Holistic, its investigator visited Vape Savvy's Kirkland location on February 1, 2023; observed that the shop had "an excess" of glass infusers that displayed the Stündenglass Marks; purchased a glass infuser "with a Stündenglass Mark affixed to it"; and determined that the glass infuser was a counterfeit Stündenglass product.  (*Id.* ¶ 31.)  Based on this sale, GS Holistic

---

[2] Neither party requested oral argument (*see* MTD at 1; MTS at 1; MTD Resp. at 1; MTS Resp. at 1) and the court finds that oral argument would not be helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 2

asserts Lanham Act claims against "the Defendants" for counterfeiting and trademark infringement under 15 U.S.C. § 1114 and false designation of origin and unfair competition under 15 U.S.C. § 1125(a).  (*Id.* ¶¶ 53-70.)

GS Holistic filed its complaint on March 14, 2023.  (*See generally id.*)  It refers to Mr. Ward and Mr. Stanifer by name only three times in the complaint.  First, GS Holistic names Mr. Ward and Mr. Stanifer in the caption. (*Id.* at 1.[3])  Second, GS Holistic states in the introduction to its complaint that it

> hereby files this, its Complaint against the Defendants, VAPE SAVVY LLC d/b/a VAPE SAVVY KIRKLAND, ERIC WARD, and JASON STANIFER (hereinafter collectively referred to as the "OWNERS") . . . .

(*Id.*)  And third, in the "Parties" section, GS Holistic alleges that Mr. Ward and Mr. Stanifer are "resident[s] of Kirkland, Washington, and [are] *sui juris*" and "citizen[s] of Washington." (*Id.* ¶¶ 7-8.)  GS Holistic refers only to Vape Savvy, "the OWNERS," or "the Defendants" throughout the rest of its complaint.  (*See generally id.*)

The Clerk entered default against Mr. Ward and Mr. Stanifer on August 22, 2023, and against Vape Savvy on December 1, 2023.  (8/23/23 Def. (Dkt. # 12); 12/1/23 Def. (Dkt. # 16).)  On February 12, 2024, however, Vape Savvy filed an answer and affirmative defenses.  (*See generally* Answer.)  GS Holistic filed its motion to strike after the court granted GS Holistic and Vape Savvy's stipulated motion to set aside the entry of default against Vape Savvy.  (*See* 2/14/24 Order (Dkt. # 20); MTS.)

---

[3] GS Holistic voluntarily dismissed former Defendant Todd Wilson from this action on April 5, 2023.  (Notice (Dkt. # 7).)

1    On March 21, 2024, the court granted the parties' stipulated motion to set aside
2 entry of default as to Mr. Ward and Mr. Stanifer, who then filed their motion to dismiss.
3 (3/21/24 Stip. (Dkt. # 24); 3/21/24 Order (Dkt. # 26); MTD.)  Briefing was completed on
4 April 12, 2024.  (*See generally* Dkt.)  The motions are now ripe for decision.

### III.   ANALYSIS

The court begins by considering Mr. Ward and Mr. Stanifer's motion to dismiss and then evaluates GS Holistic's motion to strike.

**A.   Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although "detailed factual allegations" are not required, the plaintiff must include more than "an unadorned, the-defendant-unlawfully-harmed me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555) (requiring the plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see* Fed. R. Civ. P. 8(a).

Mr. Ward and Mr. Stanifer argue that the court must dismiss GS Holistic's claims against them because GS Holistic alleges conduct only by Vape Savvy, "the Defendants," or "the OWNERS" and thus fails to allege that they individually took any actions that could expose them to liability. (MTD at 4.)  They further contend that GS Holistic makes

only "unsupported, vague legal conclusions" that the court need not consider when evaluating the motion to dismiss. (*Id.*) In response, GS Holistic asserts that it defined "the OWNERS" to mean Mr. Ward and Mr. Stanifer and "the Defendants" to mean Vape Savvy, Mr. Ward, and Mr. Stanifer, and thus its allegations against "the OWNERS" or "the Defendants" are sufficient to survive the motion to dismiss. (MTD Resp. at 2.)

The court is persuaded by the cases cited by GS Holistic that naming Mr. Ward and Mr. Stanifer together as "the OWNERS" and all three Defendants as "the Defendants" satisfies the pleading standards set forth in *Twombly* and *Iqbal* under the facts alleged in ths case. (*See id.* at 3.) First, in *Wanachek Mink Ranch v. Alaska Brokerage International, Inc.*, the court denied a motion to dismiss an antitrust case, holding that because the plaintiff alleged that all of the defendants engaged in the alleged actions, "it [was] not necessary to name them individually." No. C06-0089RSM, 2009 WL 1342676, at *3 (W.D. Wash. May 5, 2009) (citing *Twombly*, 550 U.S. at 556). The court held that by "adequately stat[ing] the time and place . . . as well as the persons involved (all named defendants)," the plaintiff alleged "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Second, in *Microsoft Corp. v. Shah*, the court denied a motion to dismiss in a case involving the use of domain names containing Microsoft trademarks in violation of the Anti-Cyberquatting Consumer Protection Act, 15 U.S.C § 1125(d)(1)(A). No. C10-0653RSM, 2011 WL 108954, at *4 (W.D. Wash. Jan. 12, 2011), *overruled in part on other grounds by Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, 737 F.3d

1  546, 551 (9th Cir. 2013). The court concluded that by "describ[ing] the conduct at issue
2  and repeatedly refer[ring] to the [individual] defendants . . . , along with the named
3  companies, as 'Named Defendants'" the plaintiff had alleged sufficient facts for its
4  claims against one of the individual defendants "to survive at this early stage." *Id.* at *13.

5  Here, as in *Wanachek* and *Shah*, the complaint describes the conduct underlying
6  GS Holistic's claims and alleges that those actions were taken by Vape Savvy alone, by
7  Mr. Ward and Mr. Stanifer together as "the Owners," or by all three collectively as "the
8  Defendants." (*See generally* Compl.) The court agrees with the reasoning set forth in
9  *Wanachek* and *Shah* and concludes that that GS Holistic has thus alleged sufficient facts
10 to survive a motion to dismiss.

11 Mr. Ward and Mr. Stanifer's arguments to the contrary are not persuasive. First,
12 they argue that the court cannot rely on *Wanachek* because that decision pre-dates the
13 Supreme Court's decision in *Iqbal*, which, they assert, "expanded on the requirements for
14 claims involving the actions of individual defendants." (MTD Reply at 2-3 (citing *Iqbal*,
15 556 U.S. at 683).) *Iqbal*, however, was a *Bivens*[4] action, which is the "federal analog to
16 suits brought against state officials under . . . 42 U.S.C. § 1983." *Iqbal*, 556 U.S. at
17 675-76. Because "vicarious liability is inapplicable to *Bivens* and § 1983 suits," the
18 plaintiff "was required to plead that each Government-official defendant, through the
19 official's own individual actions, has violated the Constitution." *Id.* at 676. Mr. Ward

---

[4] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

and Mr. Stanifer cite no cases holding at the motion to dismiss stage that this pleading requirement applies in Lanham Act cases.

Mr. Ward and Mr. Stanifer also assert, without citation, that *Shah* is distinguishable because that plaintiff "alleged sufficient specific facts as to each defendant before referring to them as a group." (MTD Reply at 3.) The court, however, has found nothing in *Shah* that describes the allegations made against each individual defendant or indicates that the court made such a finding. *See generally Shah*, 2011 WL 108954. The court concludes reminds counsel for Mr. Ward and Mr. Stanifer of his obligation to accurately represent the cases he discusses in his briefing.

The court also is not persuaded by Mr. Ward and Mr. Stanifer's cited cases. (*See* MTD at 4-5.) Two are § 1983 cases, which, as discussed above, require the plaintiff to "allege . . . a specific injury as a result of the conduct of a particular defendant." *Perez v. Wash. State Dep't of Corr.*, No. C18-5127RBL-TLF, 2018 WL 3734059, at *2 (W.D. Wash. July 2, 2018), *report adopted in part, rejected in part on other grounds*, 2018 WL 3727575 (W.D. Wash. Aug. 6, 2018) (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976)); *Quinlan v. Conaty*, No. C21-0991TSZ-JRC, 2021 WL 4819909, at *2 (W.D. Wash. Oct. 15, 2021). Two others involve comparatively large numbers of claims against large numbers of defendants, resulting in a lack of clarity about which claims applied to which defendants. *Gagnon v. Wells Fargo Home Mortg.*, No. C12-5501RJB, 2012 WL 12887037, at *2 (W.D. Wash. July 17, 2012) (dismissing claims for failure to make particular allegations against individual defendants in an eight-defendant action); *Graham-Miller v. Nationstar Mortg. LLC*, No. CV11-00848-PHX-JAT, 2012 WL

1  404613, at *3 (D. Ariz. Feb. 8, 2012) (granting a motion to dismiss in a five-defendant
2  action where plaintiff never alleged how any of the defendants violated the cited statutes
3  and rules and discussed only one defendant in the complaint). The remaining cases
4  involve fact patterns unlike the one presented here. *See Estrada v. Caliber Home Loans,*
5  *Inc.*, 172 F. Supp. 3d 1108, 1117 (C.D. Cal. 2016) (dismissing claims where plaintiff
6  pleaded allegations against "'Defendant'—singular" without stating which of the two
7  defendants the allegation was against); *Bryant v. OptumRX Pharmacy, Inc.*, No. SACV
8  16-00478-CJC(JCGx), 2016 WL 10592413, at *1-2 (C.D. Cal. Apr. 29, 2016) (granting
9  motion to dismiss claims of non-employers in an employment discrimination case where
10 plaintiff "d[id] not give any indication of the role of the [non-employers]" and "barely
11 mention[ed] them outside of the case caption"); *Suarez Corp. Indus. v. Earthwise Techs.,*
12 *Inc.*, 636 F. Supp. 2d 1139, 1149 (W.D. Wash. 2008) (denying *motion for summary*
13 *judgment* in a trademark infringement case where the *motion* did not distinguish among
14 the three defendants).

15      For these reasons, the court concludes that under the facts of this case, GS Holistic
16 has met its burden to "state a claim to relief that is plausible on its face," *Iqbal*, 556 U.S.
17 at 678, by alleging conduct by "the OWNERS" and "the Defendants." Therefore, the
18 court denies Mr. Ward and Mr. Stanifer's motion to dismiss GS Holistic's claims against
19 them.

20 **B.    Motion to Strike**

21      Federal Rule of Procedure 8(c)(1) provides that, "[i]n responding to a pleading, a
22 party must affirmatively state any avoidance or affirmative defense[.]" Fed. R. Civ. P.

1  8(c)(1) (listing examples of affirmative defenses). "An affirmative defense is one that

2  precludes liability even if all of the elements of the plaintiff's claim are proven." *Gomez*

3  *v. J. Jacobo Farm Lab. Contractor, Inc.*, 188 F. Supp. 3d 986, 991 (E.D. Cal. 2016). A

4  defense that alleges that a "plaintiff has not met its burden of proof" or that "merely

5  negates an element that [a plaintiff] was required to prove" is not an affirmative defense.

6  *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). An affirmative

7  defense is insufficiently pleaded when it does not give the opposing party "fair notice" of

8  the defense. *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). "[T]he

9  'fair notice' required by the pleading standards only requires describing the defense in

10  'general terms.'" *Id.* (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal*

11  *Practice & Procedure* § 1274 (3d ed. 1998)).) Thus, the "Defendant need not provide a

12  detailed statement of facts or make a plausible case for relief, but instead need only (1)

13  identify each defense it asserts with specificity and (2) demonstrate, through fact or

14  argument, the connection between its asserted defense and Plaintiff's claims." *Doe v.*

15  *Regents of the Univ. of Calif.*, No. 22-CV-1506 JLS (AHG), 2024 WL 171387, at *4

16  (S.D. Cal. Jan. 16, 2024).

17        Federal Rule of Civil Procedure 12(f) provides a mechanism for a plaintiff to

18  dismiss affirmative defenses that are insufficiently pleaded. The rule empowers the court

19  to "strike from a pleading an insufficient defense or any redundant, immaterial,

20  impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) motions to strike

21  are generally disfavored, however, because the motions may be used as delay tactics and

22  because of the strong policy favoring resolution of cases on the merits. *See, e.g.*, *Chao*

*Chen v. Geo Grp., Inc.*, 297 F. Supp. 3d 1130, 1132 (W.D. Wash. 2018). When a court grants a motion to strike, leave to amend should be freely given so long as there is no prejudice to the moving party. *Wyshak v. City Nat. Bank*, 607 F.2d 824, 826 (9th Cir. 1979).

Here, Vape Savvy raises ten affirmative defenses in its answer. (Answer at 7-8.) GS Holistic moves to strike all ten, and Vape Savvy opposes the motion in its entirety. (*See generally* MTS; MTS Resp.) The court considers each defense in turn.

1. Failure to state a claim

Vape Savvy pleads as its first affirmative defense that GS Holistic's "[c]omplaint fails to state a claim upon which relief can be granted." (Answer at 7.) GS Holistic moves to strike the defense because it is not a proper affirmative defense. (MTS at 4.) The court agrees with GS Holistic. Because "a defense which demonstrates that plaintiff has not met its burden of proof" is not an affirmative defense, the court strikes Vape Savvy's first affirmative defense with prejudice. *GS Holistic, LLC v. Feelin Right Smoke Shop, LLC*, No. 2:22-cv-04807-SPG-AGR, 2023 WL 3564763, at *3 (C.D. Cal. Jan. 19, 2023) (quoting *Zivkovic*, 302 F.3d at 1088, and striking "failure to state a claim" defense); *see also GS Holistic, LLC v. Crows Landing Smoke Shop Inc.*, No. 1:22-CV-1454 JLT SAB, 2023 WL 2815746, at *3 (E.D. Cal. Apr. 6, 2023) (striking "failure to state a claim" defense).

2. Consent and/or Ratification

Vape Savvy pleads as its second affirmative defense that GS Holistic "consented to and/or ratified Defendants' conduct as alleged in the Complaint." (Answer at 7.) GS

Holistic urges the court to strike this defense because "it fails to provide fair notice . . . of what grounds the defense rests upon." (MTS at 5.[5])  Again, the court agrees with GS Holistic.

"A defense that makes 'mere reference to a legal doctrine,' absent 'some fact or argument explaining the defense,' generally does not provide fair notice." *Inn S.F. Enter., Inc. v. Ninth St. Lodging, LLC*, No. 3:16-cv-00599-JD, 2016 WL 8469189, at *2 (N.D. Cal. Dec. 19, 2016) (quoting *Arthur v. Constellation Brands, Inc.*, No. 16-cv-04680-RS, 2016 WL 6248905, at *2 (N.D. Cal. Oct. 26, 2016), and striking "Consent/Ratification/Acquiescence" defense that "simply refer[red] to a legal doctrine, and [was] devoid of any material facts").  Here, Vape Savvy pleads only the legal doctrine and alleges no underlying facts.  Accordingly, the court strikes Vape Savvy's second affirmative defense with leave to amend.

### 3. Estoppel and/or Acquiescence

Vape Savvy pleads as its third affirmative defense that "[s]ome or all of the claims are barred by the doctrine of estoppel and/or acquiescence." (Answer at 7.)  GS Holistic moves to strike this defense because it does not provide fair notice.  (MTS at 5.)

To establish an estoppel defense, "a party must show that the adverse party, either intentionally or under circumstances that induced reliance, engaged in conduct upon which [the relying party] relied and that the relying party acted or changed [its] position

---

[5] Although GS Holistic argues that the court should apply the pleading standard set forth in *Twombly* and *Iqbal* when evaluating Vape Savvy Kirkland's affirmative defenses (MTS at 2-3), it applies the "fair notice" standard when arguing that the court should strike individual defenses (*id.* at 5-7).

to [its] detriment." *Desert Eur. Motorcars, Ltd.* v. *Desert Eur. Motorcars, Inc.*, No. EDCV 11-197 RSWL (DTBx), 2011 WL 3809933, at *3 (C.D. Cal. Aug. 25, 2011) (quoting *Solis v. Couturier*, No. 2:08-cv-02732-RRB-GGH, 2009 WL 2022343, at *2 (E.D. Cal. July 8, 2009)). "An infringement action may be barred by the doctrine of estoppel by acquiescence where the owner of the trademark, by conveying to the defendant through affirmative word or deed, expressly or impliedly consents to the infringement." *Id.* at *6 (quoting *Sara Lee Corp. v. Kayser-Roth Corp.*, 81 F.3d 455, 463 (4th Cir. 1996), and striking defense for failure to allege supporting facts). Here, Vape Savvy has not alleged any conduct by GS Holistic that gives rise to these defenses. Rather, it again merely pleads a legal doctrine and thus fails to provide fair notice. Therefore, the court strikes Vape Savvy's third affirmative defense with leave to amend.

    4.  <u>Unclean Hands</u>

Vape Savvy pleads as its fourth affirmative defense that "[s]ome or all [of] the claims are barred by the doctrine of unclean hands." (Answer at 7.) GS Holistic urges the court to strike this defense because it is "immaterial, impertinent, and scandalous as it implies that [GS Holistic] is engaging in frivolous lawsuits" and because Vape Savvy has failed to state the grounds upon which the defense rests. (MTS at 5.)

Unclean hands is an equitable defense that may bar a plaintiff from receiving relief if it has failed to act "fairly and without fraud or deceit as to the controversy in issue." *Doe v. Regents of Univ. of Calif.*, No. 22-CV-1506 JLS (AHG), 2024 WL 171387, at *7 (S.D. Cal. Jan. 16, 2024) (quoting *Northbay Wellness Grp., Inc. v. Beyries*, 789 F.3d 956, 959 (9th Cir. 2015) (internal quotation marks omitted)). The court declines to strike the

defense as "immaterial, impertinent or scandalous" absent additional information about Vape Savvy's basis for asserting the defense.  However, because Vape Savvy again pleads only an unadorned legal doctrine, it has failed to provide GS Holistic with fair notice.  Therefore, the court strikes Vape Savvy's fourth affirmative defense with leave to amend.  *See Desert Eur. Motorcars*, 2011 WL 3809933, at *2 (striking unclean hands defense where defendant "simply state[d] a legal conclusion or theory without the support of facts explaining how it connects to the instant case" (citation omitted)).

5. Lack of Willfulness

Vape Savvy pleads as its fifth affirmative defense that "[s]ome or all of the claims are barred because Defendant did not act willfully with regard to the allegations in the Complaint."  (Answer at 7.)  GS Holistic moves to strike this affirmative defense because "[i]nnocence is not a proper defense as intent is not an element of trademark infringement" and because Vape Savvy has not provided fair notice.  (MTS at 6.)  As Vape Savvy points out, however, whether its conduct was willful or not is relevant to the amount of statutory damages awarded.  (*See* MTS Resp. at 7.)  The court concludes that the defense, as pleaded, provides fair notice and therefore denies the motion to strike.  *See Inn S.F. Enter., Inc.*, 2016 WL 8469189, at *2 (noting that "some affirmative defenses can be self-explanatory" and concluding that the defendant's "[f]ailure to [p]olice" trademark defense provided fair notice even though it was described in "quite general terms").

### 6. Failure to Mitigate

Vape Savvy pleads as its sixth affirmative defense that GS Holistic "failed to mitigate its damages, if any damages exist, which results in a reduction of damages by the amounts by which [GS Holistic] could have mitigated damages but did not do so." (Answer at 8.) GS Holistic argues that the defense, as pleaded, does not it give fair notice. (MTS at 6.)

Courts in the Ninth Circuit have "typically held that a generalized statement meets defendant's pleading burden with respect to the affirmative defense of damage mitigation." *Desert Eur. Motorcars, Ltd*, 2011 WL 3809933, at *2 (quoting *Bd. of Trs. of San Diego Elec. Pension Tr. v. Bigley Elec., Inc.*, No. 07-CV-634-IEG (LSP), 2007 WL 2070355, at *3 (S.D. Cal. July 12, 2007)); *see also Inn S.F. Enter., Inc.*, 2016 WL 8469189, at *2 (noting that "some affirmative defenses can be self-explanatory"). Therefore, the court denies GS Holistic's motion to strike Vape Savvy's sixth affirmative defense.

### 7. Unjust Enrichment

Vape Savvy pleads as its seventh affirmative defense that GS Holistic "has been unjustly enriched through their actions and would be further unjustly enriched by an award of relief, including without limitation through trademark misuse." (Answer at 8.) GS Holistic argues that the court should strike this defense because Vape Savvy has not provided fair notice of the grounds for the defense or explained how trademark misuse is relevant to the defense or to GS Holistic's claims. (MTS at 6.)

Courts in this circuit are divided on the question of whether unjust enrichment is a valid affirmative defense. *Compare Pocketbook Int'l SA v. Domain Admin/Sitetools, Inc.*, No. CV 20-8708-DMG (PDX), 2021 WL 6103078, at *4 (C.D. Cal. Oct. 19, 2021) ("Defendants agree to strike from their Answer their 'affirmative defenses' for . . . unjust enrichment, . . . presumably because they are not affirmative defenses"), *with Synopsys, Inc. v. Ubiquiti Networks, Inc.*, No. 17-cv-00561-WHO, 2017 WL 3485881, at *23 (N.D. Cal. Aug. 15, 2017) (rejecting movant's argument that unjust enrichment is not an affirmative defense and denying the motion to strike). The court need not resolve this issue now, however, because GS Holistic moved to strike only on the basis of failure to provide fair notice and irrelevance. (MTS at 6.) The court agrees with GS Holistic that, as pleaded, Vape Savvy's affirmative defense does not provide sufficient facts to provide fair notice and demonstrate the relevance of the defense to this case. Accordingly, the court strikes Vape Savvy's seventh affirmative defense with leave to amend.

### 8. Lack of Distinctiveness

Vape Savvy pleads as its eighth affirmative defense that "[s]ome or all of the claims are barred on the basis that the marks at issue lack distinctiveness, including, without limitation, secondary meaning." (Answer at 8.) GS Holistic moves to strike the affirmative defense because it "neither identifies the 'lack of distinctiveness' the Defendant claims, nor identifies which claims might be barred." (MTS at 6.)

"[L]ack of distinctiveness is a proper affirmative defense, and not merely a denial of an element of the plaintiff's claim." *DC Labs Inc. v. Celebrity Signatures Int'l, Inc.*, No. 12-CV-01454 BEN DHB, 2013 WL 4026366, at *6 (S.D. Cal. Aug. 6, 2013). The

court finds that the "lack of distinctiveness" affirmative defense is self-explanatory and that the claims it applies to are self-evident because both of GS Holistic's claims arise from alleged violations of the Stündenglass Marks. (*See* Compl. ¶¶ 53-70.) Accordingly, the court denies GS Holistic's motion to strike Vape Savvy's eighth affirmative defense.

### 9. Third-Party Use

Vape Savvy pleads as its ninth affirmative defense that "[s]ome or all of [GS Holistic's] claims are barred by third-party use." (Answer at 8.) GS Holistic moves to dismiss the defense because Vape Savvy has "fail[ed] to identify any possible third parties" and "has failed to explain how this defense is even relevant in the present case." (MTS at 7.) The court agrees that Vape Savvy has pleaded only a bare legal doctrine and has not provided fair notice of the basis for its third-party use defense. Accordingly, the court strikes Vape Savvy's ninth affirmative defense with leave to amend.

### 10. Duplicative Claims and Remedies

Finally, Vape Savvy pleads as its tenth affirmative defense that "[s]ome or all of [GS Holistic's] claims and remedies are duplicative, including without limitation [GS Holistic's] Complaint filed against Defendants [in *GS Holistic v. Vape Savvy LLC*, No. C23-0411JLR (W.D. Wash)]." (Answer at 8.) GS Holistic argues that its two lawsuits against Vape Savvy LLC "do not arise out of the same transaction" and, as a result, the affirmative defense should be struck as immaterial. (MTS at 7.) Whether the cases are duplicative, however, is the subject of a pending motion to dismiss. *See* Motion to Dismiss, *GS Holistic v. Vape Savvy LLC*, No. C23-0411JLR (W.D. Wash. March 21, 2024), ECF No. 21. The court agrees with Vape Savvy that the defense is relevant

1  because the disposition of GS Holistic's other case against against Vape Savvy could
2  affect the claims raised in this case.  Therefore, the court denies GS Holistic's motion to
3  strike Vape Savvy's tenth affirmative defense.

### IV.     CONCLUSION

For the foregoing reasons, the court DENIES Mr. Ward and Mr. Stanifer's motion to dismiss (Dkt. # 25) and GRANTS in part and DENIES in part GS Holistic's motion to strike affirmative defenses (Dkt. # 21).  The court STRIKES Vape Savvy's first affirmative defense with prejudice and STRIKES Vape Savvy's second, third, fourth, seventh, and ninth affirmative defenses with leave to amend.  Vape Savvy may file an amended answer and counterclaims that addresses the deficiencies identified above by no later than **April 30, 2024**.

Dated this 19th day of April, 2024.

JAMES L. ROBART
United States District Judge